1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. BRYSON, JR.,      ) | 1:10-cv-02131 LJO MJS |
|        Petitioner,   ) | |
|               ) | FINDINGS AND RECOMMENDATION |
| v.            ) | REGARDING PETITION FOR WRIT OF |
|               ) | AUDITA QUERELA |
|               ) | |
| UNITED STATES OF AMERICA,   ) | |
|        Respondent.   ) | |
| _____) | |

In this case, petitioner William M. Bryson, Jr. ("Petitioner") seeks relief under a writ of audita querela from the sentence of 188 months that was imposed by the United States District Court, District of South Carolina on May 23, 2002, upon conviction of several counts involving money laundering. (Pet. at 13-15, ECF No. 1.) Petitioner is requesting re-sentencing on the ground that he was sentenced under expired sentencing guidelines. Specifically, Petitioner contends that although the judgment of conviction was correct when entered, it is now improper in light of the United States Supreme Court's subsequent decisions in United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

For the reasons that follow, Petitioner's motion for a writ of audita querela will be denied.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was sentenced to a prison term of 188 months on May 23, 2002. Since that time, Petitioner has filed several post-conviction petitions with little, if any, success.  See e.g., Bryson v. U.S., 553 F.3d 402 (5th Cir. 2008) (stating that Petitioner has filed sixteen petitions for habeas corpus and other post-conviction actions for relief in the District of South Carolina and the Western District of Louisiana.); Bryson v. Keffer, 357 Fed. Appx. 566 (5th Cir. 2008) (Petitioner has been sanctioned based on his filing of numerous frivolous collateral challenges to his sentence.) Petitioner has since been transferred to United States Penitentiary, Atwater, located in the Eastern District of California. On November 18, 2010, Petitioner filed the instant petition for writ of audita querela. (Pet.)

## II.     LEGAL STANDARD

"Audita querela, literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued." Carrington v. United States, 503 F.3d 888, 890 n.2 (9th Cir. 2007). "The writ [of audita querela], or a modern equivalent, at least potentially survives in the federal criminal context . . . under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954) and the All Writs Act." U.S. v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). "[The Ninth Circuit has] stated subsequently that Morgan stands for the proposition  that the common law writs, such as coram nobis and audita querela, are available to fill the interstices of the federal postconviction remedial framework." Id. (quoting Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997)) (internal quotations omitted). However, "[a] prisoner may not circumvent [the] valid congressional limitations on collateral attacks [in the Antiterrorism and Effective Death Penalty Act ("AEDPA")] by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." Id. at 1080. (citations omitted); see also In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (concluding that if the AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted [federal prisoners] to pass through the closed door [by way

1   of the All Writs Act] simply by changing the number 2241 to 1651 on their motions).[2]

2          Section 2255, as amended by the AEDPA, states:

3                 A second or successive motion must be certified as provided in section
    2244 by a panel of the appropriate court of appeals to contain:
4
    (1) newly discovered evidence that, if proven and viewed in light of the evidence
5   as a whole, would be sufficient to establish by clear and convincing evidence
    that no reasonable factfinder would have found the movant guilty of the offense;
6   or

7   (2) a new rule of constitutional law, made retroactive to cases on collateral
    review by the Supreme Court, that was previously unavailable.
8

9          "A writ of audita querela is not an available remedy where the claims raised would be

10  cognizable in a § 2255 habeas petition." Carrington, 503 F.3d at 890 (citing Valdez-Pacheco

11  237 F.3d at 1080). "If the Petitioner does not first obtain [the Ninth Circuit's] authorization

12  under § 2244(b)(3)(A), the district court lacks jurisdiction to consider the second or successive

13  application." U.S. v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2008) (citing Burton v. Stewart, 549

14  U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam)).

15  **III.   DISCUSSION**

16         Although Petitioner moves this court for a writ of audita querela, the arguments

17  Petitioner proffers in favor of his motion are essentially the same issues Petitioner raised on

18  direct appeal and in subsequent Section 2255 motions or requests for authorization to file

19  successive Section 2255 motions. The only significant difference between Petitioner's past

20  motions and the current petition is Petitioner's extensive reliance and factual comparison to

21  Kessack v. United States, No. CV-05-1828-TSZ, 2008 U.S. Dist. LEXIS 7739, 2008 WL

22  189679 (W.D. Wash. Jan. 18, 2008), a district court decision from the Western District of

23  Washington granting a writ of audita querela and ordering the re-sentencing of a petitioner

24  who presented similar sentencing issues under United States v. Booker, 543 U.S. 220, 245

25

26         [2] The Court notes that Section 2255 contains its own "gap filling" provisions, allowing federal prisoners
    to file habeas corpus petitions under 28 U.S.C. § 2241 if § 2255 is otherwise inadequate or ineffective.
27  Valdez-Pacheco, 237 F.3d at 1080 n.4; Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). In general "a motion
    under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention."
28  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). The only exception is the inadequate
    or ineffective "escape hatch" of § 2255, which is available only when "a petitioner (1) makes a claim of actual
    innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim." Id. at 898.

(2005). The Kessack decision has not been followed by any of the courts that have subsequently considered it. It is inconsistent with the law of this circuit holding that a writ of audita querela is not available for a claim that otherwise falls within the scope of § 2255 relief. See U.S. v. Gamboa, 608 F.3d 492, 494-95 (9th Cir. 2010) ("[Petitioner]'s reliance on Kessack is misplaced. It is contrary to the law of this Circuit"). Accordingly, the Court shall address whether Petitioner's motion should be construed as a motion under Section 2255.

Here, Petitioner once again seeks to challenge the validity of his federal conviction and sentence based on subsequent decisions of the United States Supreme Court. However, such a claim falls squarely within the scope of those claims cognizable in a § 2255 proceedings and, therefore, cannot be pursued by way of this petition for writ of audita querela. See United States v. Chavez-Cuevas, No. 1:00-CR-033-BLW, 2010 U.S. Dist. LEXIS 96515, 2010 WL 3735287, at *2 (D. Idaho Sept. 14, 2010) (finding that a Booker challenge is typically cognizable in a § 2255 proceeding and that, therefore, a petition for a writ of audita querela was not available to petitioner); Gonzalez v. United States, Nos. 10-CV-1215-IEG (WMC), 98-CR-88-IEG, 2010 U.S. Dist. LEXIS 65785, 2010 WL 2652292, at *2 (S.D. Cal. June 30, 2010) (holding that despite the petitioners' attempt to re-cast their claims to relief under the decisions in Booker, Apprendi, and Jones in their petition writ of audita querela, such claims constituted an attack on their sentences and the constitutionality of their convictions which are "subjects firmly within the scope of challenges that may be raised under 28 U.S.C. § 2255," making a writ of audita querela unavailable to them.). Here, because Petitioner's claim are within the scope of those cognizable in § 2255 proceedings, Petitioner may not proceed with this writ of audita querela.

Moreover, Petitioner must request permission from the Ninth Circuit to file a second or successive § 2255 motion in this action. 28 U.S.C. § 2255(h). Absent such permission, Petitioner cannot be permitted to circumvent congressional limitations on collateral attacks upon criminal convictions and sentences imposed under the AEDPA. See Luna v. United States, No. CV F 95-05036 AWI, 2009 U.S. Dist. LEXIS 70354, 2010 WL 2351716, at *1-2 (E.D. Cal. July 29, 2009) (AEDPA's limitations on successive petitions found to preclude

1  defendant from bringing a petition for writ of audita querela). Petitioner has not shown that he

2  received permission from any circuit court to file a successive petition.

3         Finally, the Court also notes that even if Petitioner were allowed to proceed with a

4  successive § 2255 motion based on Apprendi, Booker, and Blakely, he would not be able to

5  obtain relief because those cases have not been made retroactive. Gamboa, 608 F.3d at 495

6  ("[W]e have held that Booker does not apply to cases on collateral review."); Carrington, 503

7  F.3d at 890 ("[E]ven if petitioners had been granted permission to file second or successive

8  habeas petitions under 28 U.S.C. § 2244(b)(3), we have held that Booker does not apply to

9  cases on collateral review."); Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004) (holding

10 that neither Blakely nor Apprendi have been made retroactive to cases on collateral review).

11 Petitioner is not entitled to relief.

12 **IV.**    **CONCLUSION AND RECOMMENDATION**

13        Therefore it is RECOMMENDED that Petitioner's November 18, 2010 petition for writ

14 of error audita querela be denied.

15        These findings and recommendations are submitted to the United States District Court

16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

17 304 of the Local Rules of Practice for the United States District Court, Eastern District of

18 California. Within fourteen (14) days after being served with a copy, any party may file written

19 objections with the Court and serve a copy on all parties. Such a document should be

20 captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the

21 objections shall be served and filed within seven (7) days (plus three days if served by mail)

22 after service of the objections. The Court will then review the Magistrate Judge's ruling

23 pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections

24 within the specified time may waive the right to appeal the District Court's order. Martinez v.

25 Ylst, 951 F.2d 1153 (9th Cir. 1991).

26

27 IT IS SO ORDERED.

28 Dated:    July 19, 2011             /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE