UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. BRYSON, JR.,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 1:10-cv-02131-LJO MJS HC<br><br>ORDER DECLINING ISSUANCE OF<br>CERTIFICATE OF APPEALABILITY |

Petitioner is a federal prisoner proceeding pro se with an "Application for Relief From An Illegal Restraint." (Pet., ECF No. 1.)

On September 20, 2011, this Court adopted in full the Findings and Recommendation of the Magistrate Judge and denied the application with prejudice. (Order, ECF No. 9.) Judgment was entered the same day. (ECF No. 10.) On September 28, 2011, Petitioner filed a notice of appeal. (Notice, ECF No. 11.) A certificate of appealability must issue for the matter to be properly heard on appeal, and the Court shall review the matter for that limited purpose.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition; an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of

    process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

On September 20, 2011, this Court adopted the finding and recommendations of the Magistrate Judge, and dismissed the petition with prejudice. The Court based its dismissal on the fact that Petitioner's claims are cognizable by way of 28 U.S.C. § 2255, and therefore may not be brought by way of a petition for writ of audita querela. Further, if construed as a § 2255 petition, the petition would be successive and filed without permission and dismissed accordingly.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES issuance of a certificate of appealability.

IT IS SO ORDERED.

Dated:  October 26, 2011     /s/ Lawrence J. O'Neill
                 UNITED STATES DISTRICT JUDGE